THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAPHAEL RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY PLANNING AND DEVELOPMENT SERVICES,<br><br>Defendant. | CASE NO. C15-1649-JCC<br><br>ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. No. 12), Plaintiff's Reply and Cross-Motion for Summary Judgment (Dkt. No. 22-1)[1], Defendant's Reply and Response (Dkt. No. 10), and Plaintiff's Reply (Dkt. No. 23). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion, DENIES Plaintiff's motion, and DISMISSES this case with prejudice for the reasons explained herein.

I.   BACKGROUND

---

[1] Rather than filing his Response and Cross-Motion with the Court, Plaintiff served the documents directly on the Snohomish County Prosecutor's Office. (Dkt. No. 22 at 1.)

|   |   |
|---|---|
| 1 | In Plaintiff Raphael Russell's complaint, he generally alleges "discrimination and breach |
| 2 | of federal fair housing laws." (Dkt. No. 1 at 2.) Mr. Russell proceeds in the above-captioned |
| 3 | matter *pro se*. (Dkt. No. 1.) |
| 4 | On April 5, 2004, the Snohomish County Department of Planning and Development |
| 5 | Services ("PDS") received a citizen complaint of a code violation, specifically grading without a |
| 6 | permit on Plaintiff's property. (Dkt. No. 18 at 2.) Code Compliance Officer Jacqueline Ballard |
| 7 | investigated the complaint which ultimately led to a "stop work" notice on Mr. Russell's |
| 8 | property. (*Id.*) A hearing was initiated in order to pursue a monetary penalty against Mr. Russell |
| 9 | for the continuing code violation of grading without a permit. (Dkt. No. 12 at 4; Dkt. No. 18 at |
| 10 | 2.) The hearings were subject to several continuances as Mr. Russell apparently pursued a |
| 11 | grading permit. (Dkt. No. 18 at 2.) In January 2005, Jacqueline Ballard retired and Stephanie |
| 12 | Lyons took over Mr. Russell's case. (*Id.*) Eventually, on July 21, 2006, two years after the initial |
| 13 | stop-work order issued, the Hearing Examiner issued a "Decision and Order Imposing for Failure |
| 14 | to Comply" and assessed a $2,000 fine against Mr. Russell. (*Id.*) The fine was eventually |
| 15 | referred to a collections agency. (*Id.*) |
| 16 | On August 4, 2008, Mr. Russell applied for a grading permit. (Dkt. No. 18 at 3.) PDS |
| 17 | reviewed his application and eventually approved it. (*Id.*) This grading permit expired on |
| 18 | February 25, 2011. (*Id.*) The next day, the permit was renewed through February 25, 2013. (*Id.*) |
| 19 | On or about September 24, 2014, Mr. Russell's house was destroyed in a fire. (Dkt. No. |
| 20 | 18 at 3.) Several months later, in May 2015, PDS received notice that Mr. Russell was building a |
| 21 | large, unpermitted building on his property. (*Id.*) On June 1, 2015, PDS sent Mr. Russell a |
| 22 | warning notice regarding unpermitted construction. This was followed up by multiple notices of |
| 23 | violation ordering Mr. Russell to cease activity and apply for a permit. (*Id.* at 3–4.) |
| 24 | Mr. Russell filed this case on October 15, 2015. (Dkt. No. 1.) As of June 29, 2016, no |
| 25 | damage claim has been filed with Snohomish County according to the claims filing statute, Rev. |
| 26 | Code Wash. § 4.96.010. (Dkt. No. 12 at 6.) |

Defendant PDS brings the present motion for summary judgment after investigating any cause for Mr. Russell's claims. (Dkt. No. 12). PDS argues that Mr. Russell has failed to state a claim against appropriate defendants, has failed to properly plead a cause of action, that his claims are time-barred, and that he does not make a *prima facie* showing on any plausible cause of action based on the events that have transpired. (*Id.* at 6.)

## II.   DISCUSSION

### A.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the case's outcome. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* at 49. At the summary-judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn in the non-movant's favor. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).

There are numerous deficiencies in Mr. Russell's case such that summary judgment is appropriate. The Court addresses these in turn.

### B.   Procedural Deficiencies

In a legal action involving the county, a plaintiff must name as defendant Snohomish County itself. *See Nolan v. Snohomish County*, 59 Wash. App. 876, 893 (1990); Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located."); Rev. Code Wash. § 36.010.010; Rev. Code Wash. § 4.96.010. Plaintiff named the Snohomish County Planning and Development Services as Defendant. (Dkt. No. 1.)

Moreover, even if Plaintiff had named the right party, service was improper in this case. Plaintiff was required by law to serve a copy of the summons and complaint on the auditor. Rev. Code Wash. § 4.28.080(1); Snohomish County Code 2.90.050(1). Here, Mr. Russell mailed his

ORDER ON CROSS-MOTIONS FOR SUMMARY
JUDGMENT
PAGE - 3

1  summons and complaint to the Snohomish County Planning and Development Services division
2  by common carrier. (Dkt. No. 4 at 2.) In short, Plaintiff did not comply with Fed. R. Civ. P. 4
3  and this Court does not have jurisdiction over Snohomish County due to improper service. *Omni*
4  *Capital Int'l, Ltd. v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 104 (1987).

### C. Statute of Limitations

While the Complaint is devoid of specific dates, the facts that led to Plaintiff's dispute with PDS occurred well before the statute of limitations had run for nearly all of his possible claims.

Mr. Russell alleges discrimination in his complaint. (Dkt. No. 1 at 2.) Claims brought under 42 U.S.C. § 1983 are subject to a state's personal injury statute of limitations; in Washington the limitations period is three (3) years.) *See Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Plaintiff brought this case on October 15, 2015. (Dkt. No. 1.) The Fair Housing Act's statute of limitations is two (2) years. 42 U.S.C. § 3613(a)(1)(A); *Garcia v. Brockway*, 526 F.3d 456, 461 (9th Cir. 2008). Under Washington's Land Use Petition Act ("LUPA"), any party requesting judicial review of a local land use decision must bring a petition within 21 days of the issuance of the disputed land use decision. Rev. Code Wash. § 36.70C.040. The statute of limitations for fraud and misrepresentation is three years. Rev. Code Wash. § 4.16.080(4).

Therefore, any events that occurred prior to October 15, 2012 are outside the limitations period. As discussed above, all of the events related to grading on Mr. Russell's property, the hearings, and the stop work order occurred well before this date. The only events that occurred within the limitations period pertain to the work pursued by Mr. Russell after his house burned down in 2014. (*See* Dkt. No. 12 at 11–12.) As discussed below, the claims identified by Plaintiff, to the extent that they have been filed within the limitations period, are brought without sufficient support to state a claim or survive summary judgment review.

### D. Fraud

Mr. Russell has also failed to properly plead fraud despite checking the "fraud" box on

the civil cover sheet with his filing, and alleging that PDS employee engaged in various acts of forgery. (Dkt. No. 1-1; Dkt. No. 1 at 3.) Mr. Russell alleges that Stephanie Lyons "forged J. Ballard['s] signature," backdated liens on his house, "lied to the hearing examiner . . . to obtain judgments," and defrauded him of his property. (Dkt. No. 1 at 3.) Other than these allegations, Mr. Russell does not provide any specific facts, documents, or even dates to support a claim of fraud. Fed. R. Civ. P. 9(b) specifies that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Mr. Russell asserts that the signatures on documents from PDS employee Stephanie Lyons were "lifted" from legitimate documents. (Dkt. No. 22-1 at 3.) He attaches a declaration from Mr. Joe B. Alexander, a Certified Forensic Physician, who states that in his opinion, a version of Mr. Russell's signature on an April 14, 2006 document entitled "Proposal and Estimate for Professional Fees and Contract Services," was "highly likely authored by a different person." (Dkt. No. 22-2 at 27–28.) Notably, while Plaintiff presents evidence, it is brought without explanation or particularity as to how Dr. Alexander's opinion establishes fraud on the part of Snohomish County or PDS. And, as discussed above, any claim that this evidence might contribute to is time-barred. Particularly in light of the standard in Fed. R. Civ. P. 9(b), the Court concludes that there is not sufficient evidence to create a genuine dispute of material fact with respect to a fraud claim: the record is devoid of evidentiary support for such a claim.

E.    **Discrimination**

In order to bring a discrimination claim for a violation of the Equal Protection Clause, a plaintiff must show that the defendant acted "with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). In Plaintiff's complaint, he raises a handful of arguments related to racial discrimination, though they do not rise to the level of stating an actionable claim under 42 U.S.C. § 1983. First, Mr. Russell alleges that a neighbor made a statement to him based on racial animus, though there is no allegation that the neighbor worked for Snohomish County in any

capacity. (Dkt. No. 1 at 2.) Next, Mr. Russell alleges that Stephanie Lyon lied and sought a judgment based on the fact that he is black, but offers no evidence of her intent. (*Id.* at 3.) Moreover, this claim is time-barred. And Plaintiff alleges that there are other structures built without permits by nonblack owners. (*Id.* at 4.) While it is implied that Plaintiff has been treated differently, there is no factual support indicating that these persons were not also subject to regulation by the county.

The allegations set forth in Mr. Russell's complaint, and the record before this Court, fall far short of establishing that there is a genuine dispute of material fact with respect to an equal protection violation. In addition to not providing specific dates or additional factual support to establish that any of Defendant's actions were based on an "intent or purpose to discriminate," there is simply no record of Plaintiff being treated differently than his neighbors or other landowners by PDS. The same evidentiary failings warrant dismissal of any Fair Housing Act claim intended to be brought by Mr. Russell.

### F. Regulatory Takings

Finally, to the extent that Mr. Russell pleads an inverse condemnation or regulatory takings claim when he alleges that "Stephanie Lyon sent out [an] ecologist . . . to destroy my place by bringing my drain field under wetlands," this claim similarly warrants summary judgment dismissal. A claim regarding the "application of a regulation to a specific piece of property" requires the exhaustion of administrative remedies. *Ventures Northwest Ltd. Partnership v. State*, 81 Wash. App. 353, 364 (Wash. Ct. App. 1996). Nothing in the record establishes that Plaintiff has done so.

Dismissal of the above-captioned matter is appropriate based on procedural defects, the running of the statute of limitations, and the record establishing that there is not a remaining genuine dispute—based on admissible evidence—of material fact such that a reasonable jury would return a verdict for the Plaintiff. Accordingly, summary judgment is appropriate in Defendant's favor and Plaintiff's cross-motion is denied.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 12) is GRANTED and Plaintiff's cross-motion for summary judgment (Dkt. No. 22-1) is DENIED. The Clerk is directed to close this case.

DATED this 19th day of August 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE